

**U.S. Department of Homeland Security**
Washington, DC 20229

U.S. Customs and Border Protection

February 5, 2020

DIS-3 OT:RR:RDL:FAPL
CBP-AP-2020-014944 KKV

Mr. George H. Pierce
1016 Hayes Avenue
Freemont, OH 43420

Re:     Freedom of Information Act Appeal; George PIERCE
        File:  CBP-AP-2020-014944

Dear Mr. Pierce:

This letter is in response to your correspondence dated November 22, 2019, addressed to the U.S. Customs and Border Protection (CBP) Freedom of Information Act (FOIA) Appeals, Policy & Litigation Branch, which appeals the determination issued by the CBP FOIA Division (CBP-2020-000772) on November 1, 2019, that your request was improper. Your original request, filed on October 2, 2019, requested that CBP provide:

> Emails located in PAIC Matthew J. Grupe's Office 365 (Outlook) account (Matthew.J.Grupe@cbp.dhs.gov) that contain the following search terms in the address block, title or body:
>
> Pierce, GP, EEO, 1606 Hayes Ave., Pierce.205@gmail.com, Drone, Declaration, Retaliation, Union, ARRL, Facebook, WhatsApp, Telegram, Signal, Local 2499

In response to your initial FOIA request on October 2, 2019, the CBP FOIA Division issued a letter of decision informing you that stated that "your FOIA request is a third party request" and did not include the necessary authorization that would permit this information to be released to you.  Consequently, the request was deemed improper and the case was closed.

In appealing the determination of the FOIA Division, your appeal states that you "only requested information pertaining to myself and no other third party."

Exhibit D

Congress enacted FOIA in order "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."[1] "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."[2] The statute provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

However, with regard to the search for records, the courts have recognized that an agency's FOIA staff is not required to have "clairvoyant capabilities" to discern the requester's needs.[3]

The "agency's obligation to search is limited to the four corners of the request."[4]  In *Kawalczyk v. Dep't of Justice*, 73 F.3d 386 (D.C.Cir.1996) the court rejected the plaintiff's argument that the FOIA "staff should have realized" that the plaintiff wanted records from the agency's New York office even though the FOIA request did not so specify, and held that an an agency processing a FOIA request is "not required to divine a requester's intent." *See also, Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, at 64 (D.D.C. 2003) and *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C.1985).

In order to process initial request and conduct a search for responsive records, the FOIA Division referred to the 'four corners' of your submission and, as a consequence of the language used, interpreted your request to include all emails in the inbox of the identified individual that contained any of the 15 listed search terms/phrases.  **Although it may have been your intention to limit your request to only those emails that contain your name AND ALSO any of the listed search terms/phrases, the actual language of your request did not state this.**

The purpose of the FOIA administrative appeal process is to review the administrative record to determine whether the agency properly addressed the requester's initial request for records and accurately applied any applicable exemptions available under the FOIA.  As such, it provides an agency with an opportunity to review the initial action taken in response to a FOIA request to determine whether corrective steps are necessary.

In connection with your appeal, we have reviewed the language of your initial request and determined that it did request records regarding a third party, namely, PAIC Matthew Grupe.  We note that the DHS FOIA regulations state that "[w]here a request for records pertains to a third party, a requester may receive greater access by submitting either a notarized authorization signed by that individual . . . authorizing disclosure of the records to the requester…"  6 C.F.R. 5.3.  Although we note that in some cases the lack of authorization can be dealt with by redacting the names of all third parties mentioned in the records, your initial request contained a more problematic issue created by number and nature of the search terms.

---

[1] *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted).
[2] *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citation omitted).
[3] *Nurse v. Sec'y of the Air Force*, 231 F. Supp. 2d 323, 330 (D.D.C. 2002).  *See also, Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479, 499 (S.D.N.Y. 2010) .
[4] *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C.Cir.1996).

**Therefore, the decision of the FOIA Division is hereby AFFIRMED.**

Because the appellate process is strictly limited to a review of the appropriateness of actions taken by the agency with regard to the initial request, we were unable to conduct an appellate search for documents that went beyond the language utilized.  Therefore, we suggest that you file a new FOIA request for the information.

However, in an effort to assist you in formulating the language of a new search request that would effectively yield the documents you seek, an attorney on my staff attempted to contact you on multiple occasions using the email address and telephone number connected to your FOIAOnline account.  Despite sending three emails and leaving two voicemails, were we unsuccessful in reaching you.  Although additional independent email and telephone contact information for you exists in the CBP employee email directory, our respect for your privacy prohibits us from contacting you using these avenues.

Nevertheless, we remain concerned that the search terms that form the perimeters of your initial request are too numerous and too generic in nature to accurately identify the information you seek.  Therefore, we still offer our assistance in formulating a new, more effective search request.  To do so, please contact Kristen Ver Steeg, of my staff by telephone at 202-325-3643 or email at kristen.k.versteeg@cbp.dhs.gov.

Right of Appeal

The Freedom of Information Act provides requestors with the opportunity to seek judicial review of this administrative appeal.  You may institute judicial review in the U.S. District Court in the district in which you reside, have a principal place of business, where the agency records are located, or in the United States District Court for the District of Columbia.

Additionally, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requestors and federal agencies as a non-exclusive alternative to litigation.  *Using OGIS services does not affect your right to pursue litigation.*  However, be aware that if you are requesting access to your own records, which is considered to be a Privacy Act request rather than a FOIA request, the OGIS does not have the authority to mediate requests made pursuant to the Privacy Act of 1974 (5 U.S.C. § 552a).  You may contact OGIS in any of the following ways:

National Archives and Records Administration
Office of Government Information Services
8601 Adelphi Road
College Park, Maryland  20740-6001
Telephone:     202-741-5770
Toll Free:       877-684-6448
Facsimile:      202-741-5769
www.archives.gov/ogis

Sincerely,

*Shari Suzuki*

Shari Suzuki, Chief
FOIA Appeals, Policy, and Litigation
Regulations and Rulings
Office of International Trade
U.S. Customs and Border Protection