UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE PIERCE,<br><br>     *Plaintiff*,<br><br>     v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>     *Defendants*. | Civil Action No. 20-600 (BAH) |

## ANSWER

Defendants, the U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint, filed February 28, 2020 (ECF No. 1), as follows below.[1]

## DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

Defendants deny each and every allegation contained in the Complaint not expressly admitted in this Answer. Defendants reserve the right to amend, alter, and supplement the responses and defenses contained in this Answer as additional facts become known to Defendants. In response to each paragraph of the Complaint, using the same headings and numbering, Defendants admit, deny, and otherwise aver as follows.[2]

---

[1] To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

[2] Defendants refer to Plaintiff's headings and titles for ease of reference, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## INTRODUCTION

1.      The allegation in the first sentence of Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required.  To the extent that a response is deemed required, Defendants admit that Plaintiff purports to bring this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, and that Plaintiff seeks injunctive and declaratory relief to compel Defendants to disclose requested documents.  The allegations in the second sentence of Paragraph 1 are conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.

## PARTIES

2.      Defendants are without sufficient information or knowledge to admit or deny the allegation in Paragraph 2.  To the extent that a response is required, Defendants admit that George H. Pierce is listed as the "requester" for the FOIA request at issue in this case.

3.      Defendants admit the allegations in Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.      The allegation contained in Paragraph 5 contains Plaintiff's conclusions of law regarding subject matter jurisdiction to which no response is required.  To the extent that a response is deemed required, Defendants admit that this Court has subject matter jurisdiction over claims brought under FOIA.

6.      The allegation contained in Paragraph 6 contains Plaintiff's conclusions of law regarding venue to which no response is required.  To the extent that a response is deemed required, Defendants admit that this venue is the default venue for FOIA actions.

**OCTOBER 2, 2019, FOIA REQUEST (GRUPE EMAILS)**

7.      Defendants admit Plaintiff submitted a FOIA request to CBP on October 2, 2019. Plaintiff's request speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the referenced request for a complete and accurate statement of its contents and deny any allegations inconsistent with the request's plain language, meaning, or context.

8.      Defendants admit the allegations contained in Paragraph 8.

9.      Defendants admit that on November 1, 2019, CBP closed Plaintiff's FOIA request as insufficient. CBP's correspondence speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the referenced correspondence for a complete and accurate statement of its contents and deny any allegation inconsistent the plain language, meaning, or context of the correspondence.

10.      Defendants admit that Plaintiff filed an appeal of Request No. CBP-2020-000772 on November 22, 2019.

11.      Defendants admit that CBP assigned reference number CBP-AP-2020-014944 to Plaintiff's appeal. CBP's February 5, 2020 correspondence speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the referenced correspondence for a complete and accurate statement of its contents and any allegation inconsistent with the plain language, meaning, or context of the correspondence.

12.      Defendants aver that Plaintiff's request speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the referenced request for a complete and accurate statement of its contents and deny any allegations inconsistent with the request's plain language, meaning, or context.

13.    Defendants admit that as of February 28, 2020, CBP had not produced records responsive to Request No. CBP-2020-000772 to Plaintiff.

### COUNT I – OCTOBER 2, 2019, CBP'S FOIA VIOLATION

14.    Defendants incorporate the responses to the foregoing paragraphs as though set forth fully herein.

15.    Defendants admit the allegations contained in Paragraph 15.

16.    The allegations contained in Paragraph 16 contain Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

17.    The allegations contained in Paragraph 17 contain Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

**********

The remainder of the Complaint consists of Plaintiff's requested relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the prayer for relief and further aver that Plaintiff is not entitled to the requested relief or any other relief from Defendants.

### DEFENSES

Defendants reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to FOIA.

**SECOND DEFENSE**

This Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized by FOIA.

**THIRD DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.


April 15, 2020                                  Respectfully submitted,

                                                TIMOTHY J. SHEA
                                                D.C. Bar No. 437437
                                                United States Attorney

                                                DANIEL F. VAN HORN
                                                D.C. Bar No. 924092
                                                Chief, Civil Division

                                  By:      */s/ Katherine B. Palmer-Ball*
                                                KATHERINE B. PALMER-BALL
                                                D.C. Bar No. 1014003
                                                Assistant United States Attorney
                                                555 4th Street, NW
                                                Washington, D.C. 20530
                                                (202) 252-2537
                                                katherine.palmer-ball@usdoj.gov

                                                *Counsel for Defendants*