UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE PIERCE,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Civil Action No. 20-0600 (BAH) |

## JOINT STATUS REPORT

  Pursuant to the Court's June 23, 2025 Minute Order Plaintiff, George Pierce, and Defendants, the U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP"), by and through undersigned counsel, hereby provide the Court with the following Joint Status Report.

  1. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. The FOIA request at issue seeks: [1] "Emails located in PAIC Matthew J. Grupe's Office 365 (Outlook) account (Matthew.J.Grupe@cbp.dhs.gov) that contain the following search terms in the address block, title or body: Pierce, GP, EEO, 1601 Hayes Ave, Pierce.205@gmail.com, Drone, Declaration, Retaliation, Union, ARRL, Facebook, WhatsApp, Telegram, Signal, Local 2449"; and [2] "Memorandums, contemporaneous notes, reports or narratives generated by PAIC Matt Grupe that detail the investigation of BPA George Pierce." Compl. ¶ 7; *see also* ECF No. 1-1 at 3. The date range specified in the FOIA request is June 1, 2016, to the date the request is processed. *Id.* With respect to the "Context for Search," Plaintiff stated: "I am currently in the hearing stage of the EEO process. The documents requested will be material and relevant in supporting my case and will help with Administrative Judge to make an informed decision about

my claims." ECF No. 1-1 at 3. CBP assigned Plaintiff's FOIA request reference number CBP-2020-000772. Compl. ¶ 8.

2. As reported in the parties May 2025 Joint Status Report, CBP has completed its review and release of non-exempt material in response to Plaintiff's FOIA request.

3. In the parties' April 2025 Joint Status Report, Plaintiff provided the following summary of the preliminary issues he identified with any of defendant's redactions or withholdings to date: Defendant has asserted four exemptions throughout this case: Exemption 3, 5, 6, 7C, and 7E. Plaintiff notes that, based on his experience while employed by CBP, the subjects of his complaints were involved in the redacting of information responsive to Plaintiff's request. Given Plaintiff's concerns, Plaintiff will request that Defendant provide a *Vaughn* index. Plaintiff intends to request that the *Vaughn* index address all of the withholdings under Exemptions 3 and 5, including the foreseeable harm in disclosure. Additionally, to the extent that information withheld under Exemption 7E pertains to an investigation into Plaintiff or his formal or informal complaints, the *Vaughn* index should address those withholdings, including the foreseeable harm in disclosure. To the extent any of the foregoing withholdings overlap with Exemptions 6 and 7C, the *Vaughn* index should not exclude those withholdings. Plaintiff notes that some pages are entirely redacted under Exemptions 6, 7C, and 7E making it impossible for him to discern what investigation is implicated. Plaintiff acknowledges that many of the Exemption 7E withholdings pertain to immigration matters (i.e. not Plaintiff and his complaints) and those withholdings will not be addressed in the *Vaughn* index.

4. CBP previously reported that, absent narrowing, it would require approximately six months to review the over 4000 pages of released records and prepare a *Vaughn* index. The parties

agreed to the following measures to attempt to narrow the set of released records that require a *Vaughn*:

- CBP may exclude all records that contain any of the thirty-eight search terms that formed the basis of narrowing the review set in December 2024 (*see* ECF No. 50 ¶ 4);
- CBP may exclude all emails and attachments where the requester was a recipient of the email at the time the email was sent;
- CBP will begin preparing an index as to the material withheld pursuant to Exemption 3, and proceed on a rolling basis.

5.  Based on the above narrowing, CBP identified a total of 213 documents (722 pages) that will require a *Vaughn*. As reported in the parties' June 2025 Joint Status Report, CBP estimated that it would require approximately ninety days to complete the *Vaughn*. On July 7, 2025, CBP provided a partial *Vaughn* index and release of previously withheld records, covering 15 of the 722 pages. CBP is continuing to prepare and provide, on a rolling basis, a *Vaughn* index of the remaining pages to allow the parties to attempt to narrow any areas of disagreement prior to summary judgment briefing, in accordance with the schedule entered by the Court on June 23, 2025.

*   *   *

| | |
|---|---|
| Date: August 18, 2025 | Respectfully submitted, |
| LOEVY & LOEVY | JEANINE FERRIS PIRRO<br>United States Attorney |
| */s/ Merrick Wayne*<br>Matt Topic, D.C. Bar No. IL0037<br>Merrick Wayne, D.C. Bar No. IL0058<br>Stephen Stich Match, D.C. Bar No. MA0044<br>LOEVY & LOEVY<br>311 N. Aberdeen, Third Floor<br>Chicago, Illinois 60607<br>(312) 243-5900<br>foia@loevy.com | By:  */s/ Tabitha Bartholomew*<br>TABITHA BARTHOLOMEW,<br>  D.C. Bar # 1044448<br>Assistant United States Attorney<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2529<br>Tabitha.Bartholomew@usdoj.gov |
| *Counsel for Plaintiff* | *Attorneys for the United States of America* |